Fernon D. MARSHALL, Plaintiff-
Appellant,

v.

FORD MOTOR COMPANY, a foreign
corporation, Defendant-Appellee.

No. 468–70.

United States Court of Appeals,
Tenth Circuit.

Aug. 16, 1971.

David H. Sanders, Tulsa, Okl. (Tom
Mason, and Sanders & McElroy, Tulsa,
Okl., of counsel, with him on the brief),
for plaintiff-appellant.

Wm. S. Hall, Tulsa, Okl. (Green, Feldman & Hall, Tulsa, Okl., of counsel, with him on the brief), for defendant-appellee.

Before BREITENSTEIN, ALDISERT,* and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this products liability case the plaintiff-appellant Marshall claims defective design because of the failure of an automobile manufacturer to provide a lock or catch on the folding back of a split front seat. Jurisdiction is based on diversity. The jury found for the defendant and this appeal followed.

On December 5, 1968, plaintiff was a passenger occupying the right front seat of a 1966 Ford Galaxie 2-door automobile owned and driven by Leona Hamilton. There were two passengers in the rear seat. The car was equipped with seat belts in both front and rear seats. The plaintiff and the driver were using their seat belts but the two passengers in the rear seat were not. The car was in an intersectional accident in Oklahoma. Prior to the accident, the car was driven at an estimated speed of about 45 miles per hour, well within the speed limit. Forty-eight feet of skid marks were left before the point of impact. The passenger in the right rear seat was a man weighing 205 pounds. The force of the collision threw him against the folding back of the right front seat. The plaintiff was restrained by his seat belt and his body was compressed by the intensity of the impact when the rear passenger hit the folding back of the front seat. Plaintiff received severe, crippling, and permanent injuries.

The separate backs of the split front seat folded forward to provide easier access to the rear seat. They were not equipped with any locking or latching device. Plaintiff, to sustain his claims of express and implied warranty, presented evidence showing the existence of devices for the locking of folding backs and asserted faulty design because of the failure of the manufacturer to provide such devices. Evidence for Ford was that the front seat design was consonant with the state of the art at the time of manufacture. Further evidence for Ford was that no locking mechanism would have prevented the injury because of the force applied when a 205-pound man was hurled against the back of the front seat at the car speed when the impact occurred. Ford also urged that the forward propulsion of the rear passenger would not have happened if that passenger had used the rear seat belt which it, the manufacturer, had provided. It is enough to say that the plaintiff does not question the sufficiency of the evidence to sustain the verdict for the defendant.

■ Plaintiff urges that the trial court unduly restricted discovery proceedings in overruling his motion to produce documents and in sustaining defendant's objections to interrogatories and admissions and to the taking of the deposition of the defendant's president. The claimed failures of the defendant to respond to various discovery proceedings are said to entitle plaintiff to a default judgment under Rule 37, F.R.Civ.P. We are not persuaded. The record before us shows a plethora of discovery. The protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion. See Norman v. Young, 10 Cir., 422 F.2d 470, 474, and Robison v. Transamerica Insurance Co., 10 Cir., 368 F.2d 37, 39. We find no abuse of discretion in any of the trial court's rulings in connection with the discovery proceedings.

■ When defense witness Snyder was called to the stand, the plaintiff objected on the ground that he had not been listed as a witness. In a hearing out of the presence of the jury, the circumstances relating to the appearance of Snyder were explored. The court noted that the pre-trial order did not require the parties to divulge names of witnesses and did not prohibit the use of a witness whose name had not been disclosed by a date certain. The court found

---

* Of the Third Circuit, sitting by designation.

that there was no calculated effort by the defendant to avoid disclosure of witnesses and permitted Snyder to testify. In so doing the court did not abuse its discretion. Cf. Globe Cereal Mills v. Scrivener, 10 Cir., 240 F.2d 330, 335.

The court permitted the defense to read the deposition of one Fredericks over plaintiff's objection that the deposition should be suppressed because of Fredericks' failure to supply certain documents sought by a subpoena duces tecum. The court was satisfied with Fredericks' explanation. Here again we find no abuse of discretion.

■■ The remaining arguments go to the instructions. Plaintiff characterizes his case as based on "strict liability, for breach of implied warranty of fitness." The court properly instructed the jury on both express and implied warranty. It told the jury that "a manufacturer is strictly liable for an injury caused by its product when being properly used." The court went on to instruct the jury in almost the identical language of § 402A of the Restatement of the Law, Torts 2d, including the statement that "one who manufactures, distributes, or sells any product in a defective condition, unreasonably dangerous to the user or consumer, or to his property, is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property * * *."

We know of no Oklahoma case which adopts or rejects the principles of § 402A. In Speed Fastners, Inc. v. Newsom, 10 Cir., 382 F.2d 395, 398, a products liability case arising in Oklahoma, we were faced with a claim of implied warranty of merchantability under the Uniform Commercial Code as adopted in that state, and permitted recovery, in the absence of privity. Our decision in Schenfeld v. Norton Company, 10 Cir., 391 F. 2d 420, 424, comments at some length on § 402A and says that strict liability in terms of tort seems to be "the more rational approach" in products liability cases. Be that as it may, we are not here concerned with whether § 402A will receive the approval of the Oklahoma courts. The plaintiff insists on strict liability and the defendant is not objecting.

We find nothing in Bower v. Corbell, Okl., 408 P.2d 307, or in Barnhart v. Freeman Equipment Co., Inc., Okl., 441 P.2d 993, which imposes a more stringent duty on a manufacturer than that imposed by the trial court in its instructions. Plaintiff relies heavily on Larsen v. General Motors Corporation, 8 Cir., 391 F.2d 495. In that case the court of appeals reversed a summary judgment for the manufacturer and in so doing took at face value the claim that there was a defect in the vehicle. In the case at bar, the primary issue for jury determination was the presence of a defect. The Larsen decision left open the question of strict liability, see 391 F.2d at 506, and in the case at bar the trial court instructed that the manufacturer had such liability.

■ In the circumstances we are not impressed with plaintiff's insistence on his requested instruction No. 5. We have repeatedly held that even though requested instructions are correct statements of law, the court is not required to give them if the matters to which they relate are appropriately covered in the instructions given. Missouri, K. & T. Ry. Co. v. Jackson, 10 Cir., 174 F.2d 297, 301, and Telluride Power Co. v. Williams, 10 Cir., 164 F.2d 685, 688. The principle is applicable here.

The objections of the plaintiff to the instructions emphasize the difficulties which arise in the submission to the jury of a products liability case based on the application of tort principles to determine the liability of a manufacturer for alleged defective design. Probably, there is no categorical answer which will apply to all cases. The problems presented here concern intervening cause, proper use, foreseeability, and failure to warn. In many ways they are interrelated.

■ The concept of intervening cause is related to proximate cause and is a proper subject for jury instructions where supported by proof. Cf. General Motors Corporation v. Walden, 10 Cir., 406 F.2d 606, 608-609. Plaintiff's re-

quested instruction No. 5 concluded with the statement that a manufacturer who fails to exercise care and who sells a product without warning of dangerous characteristics "is liable for injuries proximately caused by the use of the instrumentality." The cases on which plaintiff relies hold that a manufacturer is liable for injuries proximately caused by a defective product. See e. g. Barnhart v. Freeman Equipment Co., Inc., Okl., 441 P.2d 993, 999.

This case is not like Ford Motor Company v. Zahn, 8 Cir., 265 F.2d 729, 733, where a defense witness admitted a manufacturing defect and the claim of intervening cause was based on the emergent application of the brakes. In rejecting the claim of intervening cause the court commented that it was "closely allied to the question of proximate cause." Ibid. at 734. In the case at bar the claimed intervening cause was the force applied at the back of the front seat because of the failure of the rear seat passenger to use the seat belt with which the car was equipped.

This brings us to the question of use. The court tied implied warranty to proper use. This complies with the principles found in Restatement of the Law, Torts 2d, §§ 395, 398, and 402A. Plaintiff says that he was using the vehicle properly and should not be penalized by another's misuse, particularly that of the rear passenger who failed to fasten his seat belt. The evidence for Ford was that no lock or latch would have withstood the force imposed when the rear passenger hit the back of the front seat, and that to prevent such occurrences it furnished seat belts for the rear seat. Here again we get into a proximate cause question.

The further argument of the plaintiff is that the failure of rear seat passengers to use seat belts was foreseeable and that an instruction of foreseeability should have been given. The answer to this is that the court told the jury that "the manufacturer of a product impliedly warrants that it * * * [is] free of hidden defects which could foreseeably render it unsafe for such purpose."

The final argument is that Ford should have warned of the consequences of nonuse of seat belts. In this day and age the function of seat belts is a matter of common knowledge. The plaintiff's evidence shows repeated admonitions by the owner-driver to her passengers, who were members of a car pool and frequently rode with her, that seat belts should be worn. We find nothing in Dixon v. Outboard Marine Corporation, Okl., 481 P.2d 151, which imposes a duty on a manufacturer to warn in the circumstances with which we are concerned.

We must consider the instructions in the context of the case presented. It is elementary that instructions must be considered as a whole and particular instructions, and requests for instructions, are to be taken in the framework of the entire charge. The question of whether defective design proximately caused the injuries to the plaintiff was for jury determination. By its instructions the court held Ford to strict liability for a defective product unreasonably dangerous to the user. In our opinion the instructions were fair to the plaintiff and the verdict of the jury must stand.

Affirmed.