Dennis A. BERRY, Administrator of the
Estate of Rodney L. Berry,
Deceased, Appellant,

v.

ECKHARDT PORSCHE AUDI,
INC., Appellee.

No. 49846.

Supreme Court of Oklahoma.

May 9, 1978.

Hieronymus, Hodgden & Halley, Tom
Hieronymus, Bryce Hodgden, Duke Halley,
Woodward, for appellant.

Robert D. Looney, Jr. of the firm of
Looney, Nichols, Johnson & Hayes, Oklaho-
ma City, for appellee.

DOOLIN, Justice:

Trial court sustained defendant's demur-
rer to plaintiff's petition on the grounds it
did not state a cause of action. Plaintiff
elected to stand on his demurrer and the
suit was dismissed. Plaintiff appeals. We
affirm.

Plaintiff is the acting administrator of
the estate of Rodney Berry, deceased. He
brought this suit against Eckhardt Porsche
Audi, Inc. seeking damages for medical
bills, loss of earning capacity, and for pain

and suffering sustained by deceased prior to his death.

Deceased purchased a used 1973 Porsche from defendant March 4, 1975. Plaintiff alleged at the time of the purchase, the seat belt warning buzzer was disconnected. A week after his purchase, deceased was involved in a one car accident and severely injured.[1] Plaintiff alleged deceased was not wearing his seat belt at the time of the accident, but that if the warning system had been operative, he would have heeded the warning and fastened the belt. He further alleged if deceased had been wearing the seat belt he would not have suffered such massive injuries.

Plaintiff's petition sounds primarily in negligence, claiming defendant failed to make the proper inspection of the vehicle prior to its sale to insure the seat belt warning was operational. It alleged defendant breached a duty by failing to warn deceased that safe operation of the vehicle required the use of seat belts. On appeal plaintiff argues his petition states a cause of action in manufacturers' products liability as well as negligence.

In *Kirkland v. General Motors,* 521 P.2d 1353 (Okl.1974), we stated to maintain a cause of action in manufacturers' products liability a plaintiff must prove the product was the cause of the injury, the defect existed in the product at time it left the supplier and that this defect made the product unreasonably dangerous to the user. The decision stated that to make the product "unreasonably" dangerous, the defect must have made the product dangerous to an extent beyond that which would be contemplated by the purchaser with ordinary knowledge as to its characteristics. We do not believe this element was adequately pleaded and without such allegation the petition did not state a cause of action.

■ There are no assertions of hidden dangers. Plaintiff does not argue the seat belt itself was defective or that it failed to operate properly. It cannot be successfully argued the absence of the warning buzzer

rendered either the seat belt or the automobile unreasonably dangerous. Thus under the standards of *Kirkland* the petition did not state a cause of action in manufacturers' products liability.

■ We further hold the petition did not state a cause of action in negligence. In order to state a cause of action in negligence, a petition must first allege the existence of a duty on the part of the defendant. See *Nicholson v. Tacker,* 512 P.2d 156 (Okl. 1973).

■ At the time defendant sold the car to plaintiff it was no longer prohibited by federal regulations to sell a car on which the safety belt interlock or continuous buzzer had been rendered inoperative.[2] Therefore no statutory duty was imposed on the defendant seller to insure that the warning buzzer was operative. The warning buzzer is a valiant attempt on part of the manufacturers to nag an occupant into fastening his seat belt. But its absence does not make the car more dangerous than it already is. If any duty existed it must be a common law duty to warn. Plaintiff argues defendant did have such a duty to warn deceased of the dangers inherent in nonuse of the seat belt.

In *Marshall v. Ford Motor Company,* 446 F.2d 712 (10th Cir. 1971), it was argued Ford should have warned of the consequences of nonuse of seat belts. The circuit court held, under Oklahoma law, an automobile manufacturer did not have a duty to warn of the consequences of the nonuse of seat belts, stating that in this day and age the function of seat belts is a matter of common knowledge.

We agree. *Nicholson v. Tacker, supra,* held a defendant is under no duty to warn of obvious dangers. The dangers of nonuse of seat belts were readily apparent to plaintiff as a member of the general public. The fact such dangers were not uniquely within knowledge of defendant makes it clear no duty to warn existed on its part.

AFFIRMED.

---

1. Deceased ultimately took his own life.

2. See 49 CFR 1976 § 571.208, S7.3 et seq., 15 U.S.C.1975, §§ 1397(a)(1), 1397(a)(2)(C), 1410b.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.