**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAMES E. AKIN; RICHARD G. ARELLANO;
CHARLES L. BALDWIN; ANNIE M. BARNES;
TERRY D. BLAIN; MARCIA BANNOCK;
DELTON E. BROWN; TIMOTHY L.
CARAWAY; THOMAS W. CLARK; RICHARD
COTEY; CONNIE COTTRELL; RONNIE D.
COTTRELL; STEVEN L. COY; HUGH CROW;
NATHAN D'AMICO; DONNA M. DAVIS;
LOUIS R. DICKINSON; OLLIE DILLISHAW,
JR.; DANNY L. DUNN; JENNY L. DUREN;
BILL R. DURINGTON; STEVEN RAY DUTY;
LEON EALON; DEBRA M. EMERICH;
JANETTE K. FARLEY; JON G. GABBARD;
LINDA D. GATEWOOD; MAX R. GLOVER;
WENDELL P. GOMEZ; ERIC L. JANOUSEK;
DAVID KEISER; LARRY D. LIDELL; ROBERT
C. LOVE; JACK L. MANNING; THOMAS
MARSHALL; MICHAEL D. MOWLES;
JEFFREY MURRAY; MELVIN E. NORTON;
ZENEPHOR OVERSTREET; JAMES M. OWEN;
TERRY W. OXLEY; RONALD K. PEOPLES;
MICHAEL PHILLIPS; MARIE L. PLUMLEE;
PHILLIP PLUMLEE; RICK REAMES; JACK D.
RHODEN; WAYNE RICHARDSON; NORMA
ROBERTS; CHARLON S. ROGERS; SANDRA
ROLLAND; MARLYS RONE; JUDY A.
ROWLAND; TONY E. RUBLE; REATHA R.
SCHLEGEL; GLORIA SHELTON, as
representative of the estate of Wilton F. Shelton,
deceased; CHARLIE SHEPPARD; HERMAN D.
SIKES; WILLIAM D. SLATTERY; CLAYTON D.
STATSNY; MELISSA C. STATSNY; GAYLA S.
STATON; MARTHA J. STOROZYSZYN; RICK
L. STUART; MIKE SULLIVAN; EMMETT

No. 97-6030

THOMAS, JR.; BENJAMIN TINGLE; MARILYN J. TRACEY; HELEN WALKER; RANDY F. WIENS; LEONARD WILLIAMS; LEONARD WILLIAMS; MORTEN D. WILLIAMS; GLENDA WRIGHT; HERMAN DALE WRIGHT; KENNETH L. WRIGHT; ALBERT A. WYATT; JAMES D. WYATT; JOHNNIE R. YORK; LARRY N. SMITH; DANNY DRISKILL; GERALD HOUSTON,

        Plaintiffs - Appellants,

  v.

ASHLAND CHEMICAL COMPANY; DOW CHEMICAL COMPANY; MCGEAN-ROHCO, INC.; THUNDERBIRD SALES COMPANY, INC.,

        Defendants - Appellees,

  and

E. I. DUPONT DE NEMOURS & CO.; GENERAL ELECTRIC COMPANY; J.W. HARRIS CO., INC; METALLURGICAL TECHNOLOGIES, INC.; ASHLAND OIL; SPRAY ON SYSTEMS, INC.; PLAZE, INC.; ROYAL LUBRICANTS COMPANY, INC.; STETCO INC.; THOMPSON & FORMBY, INC.; L&F PRODUCTS, INC.; MINIWAX COMPANY, INC.; DOW INDUSTRIAL SERVICE OF THE DOW CHEMICAL CO.; DOWELL DIVISION OF THE DOW CHEMICAL CO. & BRASOS OIL & GAS DIVISION OF THE DOW CHEMICAL CO., Dow Industrial Service of the Dow Chemical Company; DOW DIVISION OF THE DOW CHEMICAL COMPANY; BRAZOS OIL & GAS OF THE DOW CHEMICAL COMPANY; 3M COMPANY;

MINNESOTA MINING AND MANUFACTURING CORPORATION; DIAMOND SHAMROCK CORPORATION; DIAMOND SHAMROCK CORPORATION, aka Occidental Electro-Chemicals Inc.; ALLIED CORPORATION; ALLIED SIGNAL, INC.; EXXON CORPORATION; EXXON CHEMICAL; MOBIL OIL CORPORATION; AMERON, INC.; BLAZER EAST, INC., formerly know as Koppers Company, Inc.; SARAL PROTECTIVE COATINGS CO.; SEYMOUR OF SYCAMORE, INC.; DEXTER CORPORATION; UNI-KEM INTERNATIONAL, INC.; MILLER-STEPHENSON CHEMICAL COMPANY, INC., formerly known as Miller-Stephenson Company of Conn, Inc.; CABOT CORPORATION; BORDEN, INC.; PHIPPS PRODUCTS, a Division of Dow Chemical Company; DESOTO, INC.,

      Defendants,

  v.

GENERAL ELECTRIC COMPANY,

      Third-Party-Plaintiff,

  v.

UNITED STATES OF AMERICA,

      Third-Party-Defendant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. Civ-94-832-C)**

James A. Ikard, Oklahoma City, Oklahoma (E. Hart Green and Mitchell A. Toups, Weller, Green, McGown & Toups, Beaumont, Texas, and Shari A. Wright and Robert J. Binstock, Reich & Binstock, Houston, Texas, with him on the briefs), for Plaintiffs-Appellants.

Clyde A. Muchmore, Crowe & Dunlevy, Oklahoma City, Oklahoma (Kelley C. Callahan and Harvey D. Ellis Jr., Crowe & Dunlevy, Oklahoma City, Oklahoma, and Mort G. Welch, Welch, Jones & Smith, Oklahoma City, Oklahoma, with him on the brief), for Defendants-Appellees.

Before **TACHA** and **BALDOCK**, Circuit Judges, and **GREENE**, District Judge.[*]

**GREENE**, District Judge.

## BACKGROUND

On November 13, 1992, plaintiffs filed this toxic tort case in state court at Beaumont, Texas. After receipt of answers to interrogatories, defendant General Electric (GE) removed the case to the United States District Court for the Eastern District of Texas. The Texas district court judge upheld removal jurisdiction, denied plaintiffs' motion to remand and transferred venue to the Western District of Oklahoma as a more convenient forum. The Oklahoma district court judge granted summary judgment in favor of defendants. Plaintiffs appealed, arguing that removal was untimely and summary judgment unwarranted.

---

[*] The Honorable J. Thomas Greene, Senior United States District Judge for the District of Utah, sitting by designation.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp.v. Catrett, 477 U.S. 317, 322-23 (1986).  We review a grant of summary judgment de novo, applying the same standard as the district court.  See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).  "[We] examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine [whether] the substantive law was correctly applied," and in so doing "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing" the motion.  Applied Genetics Int'l, Inc. v. First Affiliated Sec. Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  However, "where the non moving party will bear the burden of proof at trial on a dispositive issue" that party must "go beyond the pleadings" and designate specific facts so as to "make a showing sufficient to establish the existence of an element essential to that party's case" in order to survive summary judgment.  Celotex, 477 U.S. at 322, 324.  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir.

1993).


DISCUSSION

I.    REMOVABILITY TO FEDERAL COURT

      - Federal Enclave Jurisdiction

      The United States has power and exclusive authority "in all Cases whatsoever . . . over all places purchased" by the government "for the erection of "Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings," U.S. Const. art. I, § 8, cl. 17.  Such places are "federal enclaves" within which the United States has exclusive jurisdiction.[1]  Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction.  There is no dispute that Tinker Air force Base at Oklahoma City, Oklahoma is such a federal enclave.

      - Federal Officer Removal

      Plaintiffs argue that the removal petition was defective in that all co-defendants did not consent and join in the removal papers.  In the case at bar,

---

[1]  The Constitutional language is that the Congress shall have power "[t]o exercise exclusive Legislation," see id., which has been construed to mean exclusive jurisdiction under 28 U.S.C. §1331.  See Mater v. Holley, 200 F.2d 123, 124-25 (5th Cir. 1952).  Noting that the United States has exclusive sovereignty in enclave areas, the Fifth Circuit said that it "would be incongruous to hold that . . . (courts of the United States) "are without power to adjudicate controversies arising" therein.  Id. 124.

6

defendant GE removed the case based on its status as a "person acting under" a federal officer, as well as the status of Tinker Air Force Base as a federal enclave. Federal officer removal constitutes an exception to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition. The exception is set forth at 28 U.S.C. § 1442(a)(1) which provides in part that:

> (a) "A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> > (1) The United States or any agency thereof or <u>any officer (or any person acting under that officer)</u> of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ."

Id. (emphasis added). This statutory exception allows a federal officer independently to remove a case to federal court even though that officer is only one of several named defendants. The Congressional policy permitting federal officer removal could easily be frustrated by simply joining non-federal defendants unwilling to remove if consent of co-defendant(s) were required. Thus in <u>Bradford v. Harding</u>, 284 F.2d 307, 310 (2d Cir. 1960), the Second circuit ruled that "[t]he 'general government' must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no." Likewise, in <u>Fowler v. Southern Bell Tel. & Tel. Co.</u>, 343

7

F.2d 150, 152 (5th Cir. 1965), the Fifth circuit held "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court." In <u>Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.</u>, 644 F.2d 1310, 1315 (9th Cir. 1981), the Ninth circuit reasoned that "[s]ince the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court." In <u>City of Aurora v. Erwin</u>, this court noted the importance to the United States and the absolute nature of federal officer removal jurisdiction, quoting the Supreme Court that exercise of such jurisdiction "'should not be frustrated by a narrow, grudging interpretation.'" 706 F.2d 295, 296 (10th Cir. 1983) (quoting <u>Arizona v. Manypenny</u>, 451 U.S. 232, 242 (1981)). On the basis of the foregoing, we hold that G.E. properly removed the case to federal court without the consent of co-defendants.

- <u>Right to Remove Must be Clearly Determinable</u>

The right to remove a case to federal court is determined from allegations set forth in the initial pleading, "or <u>other paper</u> from which it may first be <u>ascertained</u> that the case is one which is or has become removable . . ." 28 U.S.C. § 1446(b) (emphasis added).

Appellants argue that removal was untimely because the initial pleading

provided defendants with all necessary information to ascertain removability.[2]

Appellees argue that plaintiffs' allegations of injuries sustained "while working at" Tinker Air Force Base and "while working for" the United States were ambiguous.[3] The district judge in Texas ruled that the word "at" in the phrase "while working at" could serve as either a "geographical modifier" or a "durational modifier" (Order at 12, 13), and that only after receipt of "other paper" - in this case answers to interrogatories - were defendants provided sufficient notice that the conduct sued upon took place wholly within the enclave, and under federal direction.[4]

---

[2] In this regard, appellants rely on non-binding case law from other jurisdictions to the effect that where it is apparent that removal may be justified a duty is imposed upon movants to investigate potential reasons for removal. See Scott v. Greiner, 858 F. Supp. 607, 610 & n.2 (S.D. W. Va. 1994) (motion for more definite statement required where federal question jurisdiction cannot be ascertained from the complaint); Golke v. Lee Lumber & Bldg. Materials Corp., 671 F. Supp. 568, 571 (N.D. Ill. 1987) (inartfully pleaded complaint provided sufficient notice to start time running for removal); Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1256 (9th Cir. 1989) (inartfully pleaded complaint may provide sufficient notice for removal).

[3] The initial pleading could have been understood as referring to injuries sustained off Base but during the time frame plaintiffs were working on the Base and/or working for the government. Plaintiffs alleged that they were "exposed to hazardous chemicals, including, but not limited to cobalt, chromium, cadmium, acetylene, ethanol and heptane while working for the United States Air Force at Tinker Air Force Base in Oklahoma City, Oklahoma," and that they "were also exposed to numerous other hazardous chemicals while working at the air force base." Apppellant's App. at 1, 5, 6 (emphasis added).

[4] Judge Cobb ruled that only after receipt of the Answers to Interrogatories were federal enclave and federal officer removal jurisdiction apparent. The court

9

We agree that the initial pleading in this case was ambiguous in that it did not provide unequivocal notice of the right to remove, and that the first clear notice of removability was given in answer to an interrogatory.[5]

In DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979), we held that "[i]f the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." We further ruled that

said:

> The interrogatory answers informed the defendants that all plaintiffs performed all duties on Tinker Air Force base, and all claimed chemical exposure occurred while plaintiffs performed these duties. These papers precisely identified the location of the claimed exposures, which is the singularly relevant fact when determining the applicability of enclave jurisdiction. As such, the defendants were required to remove within thirty days from receipt of these responses. Defendants have done just that. The court concludes that removal was timely under § 1446(b).

Akin v. Big Three Indus., Inc., 851 F. Supp. 819, 825 (E.D. Tex. 1994). The court further stated that

> For the same reasons discussed above, federal officer removal was timely. The responses provided GE with notice that certain products manufactured by GE caused plaintiffs' injuries. Thus, the discovery adequately notified GE of the required nexus between its manufacturing process and the claimed injuries.

Id. at 825 n.5.

[5] In response to interrogatories, defendants learned that the chemical exposure only occurred within the confines of the Tinker Air Force Base in Oklahoma City, Oklahoma. Plaintiff Akin's Response to Interrogatory 32 was that "all duties were performed on base."

10

"ascertained" as used in section 1446(b) means a statement that "should not be ambiguous" or one which "requires an extensive investigation to determine the truth." Id. at 490. DeBry is consistent with our prior ruling in Ardison v. Villa, 248 F.2d 226 (10th Cir. 1957), in which we interpreted the predecessor provision of § 1446(b), holding that the key to determining the date from which the clock begins to run is when the defendant is able to "intelligently ascertain removability." Id. at 227. We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist.[6] Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

- Proceedings in State Court Before Removal

Plaintiffs contend that defendant Chemical Specialist was barred from consenting to removal because it had previously filed a motion for summary judgment in state court, which motion was pending when removal was granted, citing Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1471 (M.D. Fla. 1993). That case is inapposite because actions in state court by defendant Chemical Specialist in this case were taken before it was unequivocally apparent that the

---

[6] See supra footnote 3.

case was removable.[7]  This court rules that a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove.

- Proceedings in Federal Court after Removal

After removal of the case to federal court and the motion to remand was denied, plaintiffs voluntarily amended their complaint, asserting a cause of action in federal court against defendants Dow Chemical, Ashland Chemical and McGean-Rohco, Inc.  This court holds that plaintiffs cannot voluntarily invoke, and then disavow, federal jurisdiction.  In Bernstein v. Lind-Waldock & Co., the Seventh Circuit stated:

> But once [plaintiff] decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there.  Otherwise he would be in a position where if he won his case on there merits in federal court he could claim to have raised the federal question in his amended complaint voluntarily, and if he lost he could claim to have raised it involuntarily and to be entitled to start over in state court.  He "cannot be permitted to invoke the jurisdiction of the federal court, and then disclaim it when he loses."

738 F.2d 179, 185-86 (7th Cir. 1984) (citations omitted); see also Barbara v. New York Stock Exch., Inc., 99 F.3d 49 (2d Cir. 1996); Tolton v. American Biodyne,

---

[7]  In Scholz, the court held that filing motions and scheduling hearings on motions indicated an intent to litigate in state court, which resulted in waiver of the right to remove the case.  However, plaintiff's claims included federal employment discrimination claims under Title VII, so that the right to remove was apparent from the face of the Complaint.

Inc., 48 F.3d 937 (6th Cir. 1995). In Johnson v. Odeco Oil & Gas Co., 864 F.2d 40 (5th Cir. 1989), an amendment in federal court after removal was found to constitute a waiver of later objection to removal. In the circumstances of this case, the amendment adding parties also amounted to a waiver of alleged defective removal.

II     WARNINGS CONCERNING HAZARDOUS MATERIALS NEED NOT BE PROVIDED TO "SOPHISTICATED" AND KNOWLEDGEABLE PURCHASERS

- State Law Applies in Failure to Warn Cases

This products liability action is premised on the manufacturer's failure to warn purchaser's employees of the danger of low level exposure to certain chemicals. We apply Oklahoma law in such cases. See Chiles v. Ceridian Corp., 95 F.3d 1505, 1510 (10th Cir. 1996). We review the district court's interpretation of Oklahoma law de novo, see Salve Regina College v. Russell, 499 U.S. 225, 231 (1991), and "as a matter of independent federal procedure we utilize the normal federal standards of appellate review to examine the district court's decision process." Mid-America Pipeline Co. v. Lario Enters., 942 F.2d 1519, 1524 (10th Cir. 1991).

- Sophisticated Purchaser Defense

Plaintiffs contend that they were injured while cleaning jet engine parts due

to low-level, chronic exposure to defendants' chemicals. Plaintiffs argue that defendants breached their duty to warn potential users of the dangerous propensities of these chemicals even though the chemicals supplied were not improperly manufactured or contaminated.

Under Oklahoma law, the general rule applies that chemicals will be considered defective only if the following three elements are satisfied: (1) the product was unreasonably dangerous; (2) there was a failure to warn of its dangerous characteristics; and (3) the failure to warn was the cause of the plaintiff's injury. See Cunningham v. Charles Pfizer & Co., 532 P.2d 1377 (Okla. 1975). But Oklahoma law authorizes an important exception to the second element of the general rule, namely that there is no duty to warn members of a profession against dangers generally known to members of that profession. Hence, in Mayberry v. Akron Rubber Mach. Corp., the court said that "where the danger or potentiality of danger is known or should be known to the user, the duty (to warn) does not attach." 483 F. Supp. 407, 413 (N.D. Okla. 1979)(citing Berry v. Porsche Audi, Inc., 578 P.2d 1195 (Okla. 1978); Nicholson v. Tacker, 512 P.2d 156 (Okla. 1973)); see also Davis v. Fox River Tractor Co., 518 F.2d 481 (10th Cir. 1975); Marshall v. Ford Motor Co., 446 F.2d 712 (10th Cir. 1971). We read Oklahoma case law to impose no duty to warn a purchaser as knowledgeable as the United States Air Force of the potential dangers of low-level chemical

14

exposure. Plaintiffs rely on the argument that the Air Force did not actually know

of the risks involved in low-level chemical exposure. However, Oklahoma law

clearly imposes a "should have known" standard as well, applicable to

"knowledgeable purchasers," Mayberry, 483 F. Supp. at 413. This is tantamount

to the familiar "sophisticated purchaser defense" exception which is based upon

the principles set forth in the Restatement (Second) of Torts.[8] This exception

absolves suppliers of the duty to warn purchasers who are already aware or should

be aware of the potential dangers. See O'Neal v. Celanese Corp., 10 F.3d 249,

251-52 (4th Cir. 1993); see also Davis v. Avondale Indus., 975 F.2d 169, 171 (5th

Cir. 1992) (a manufacturer is not required to provide an adequate warning about

his product when the user or handler of the product already knows or reasonably

---

[8]    One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition , and (c) fails to exercise reasonable care to inform them of this dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second) of Torts § 388 (1965) (emphasis added).

15

should be expected to know of the characteristics of the product that may cause damage and the danger of such characteristics.)  In <u>Apperson v. E.I. du Pont de Nemours & Co.</u>, 41 F.3d 1103, 1108 (7th Cir. 1994), the Seventh Circuit stated: "a duty to warn arises only when there is unequal knowledge with respect to the risk of the harm."

Because of the wealth of research available, the ability of the Air Force to conduct studies, and its extremely knowledgeable staff, we find that the Air Force easily qualifies as a "knowledgeable purchaser" that should have known the risks involved with low-level chemical exposure.  Employees of the Air Force are also deemed to possess the necessary level of sophistication, so that defendants had no duty to warn the Air Force or its employees of the potential hazards.  <u>See</u> <u>Mayberry</u>, 483 F. Supp. at 413.

Based upon the foregoing, this court concludes from uncontroverted evidence viewed in a light most favorable to the plaintiffs that the district court's decision granting defendants' Motion for Summary Judgment should be affirmed.

AFFIRMED.