FILED
United States Court of Appeals
Tenth Circuit

February 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELBERT KIRBY, JR.; CALEB
MEADOWS,

      Plaintiffs - Appellants,

v.

OCWEN LOAN SERVICING, LLC;
RESMAE MORTGAGE
CORPORATION; US BANK
NATIONAL ASSOCIATION; LASALLE
BANK NATIONAL ASSOCIATION;
SAXON MORTGAGE SERVICES,

      Defendants - Appellees.

No. 15-5089
(D.C. No. 4:15-CV-00233-GKF-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

On June 3, 2015, the district court granted Appellants' motion to proceed *in forma*

*pauperis* and dismissed this action sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim. The court held the "case is barred by the doctrine of res judicata,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or claim preclusion, due to the court's judgment dismissing an earlier case filed by [Appellants] against the same defendants." 15-CV-233-GKF-TLW, Doc. 5 at 1. Appellants appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I. BACKGROUND

On July 11, 2014, Elbert Kirby, Jr., and Caleb Meadows ("Appellants") filed suit ("First Suit") against OCWEN Loan Servicing, LLC; Resmae Mortgage Corporation; LaSalle Bank National Association; and US Bank National Association. Appellants alleged that, each month for four years, Appellees sent them mail claiming that they held a security interest in Appellants' property. Although Appellants' complaint alleged deprivation of a property interest, it failed to identify a cause of action, the property interest in question, or how Appellees deprived them of an interest. The court dismissed the complaint without prejudice and granted Appellants leave to file an amended complaint ("Amended Complaint").

The Amended Complaint, filed January 6, 2015, added Saxon Mortgage Services as a defendant and added a RICO claim under 18 U.S.C. § 1964(c), which authorizes "[a]ny person injured in his business or property" as a result of racketeering activities prohibited in 18 U.S.C. § 1962 to bring suit to recover treble damages. The Amended Complaint alleged Appellees falsely claimed to own a security interest through a mortgage on Appellants' home.

---

[1] Although we liberally construe pro se litigants' filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for [them]," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Because Appellants' *in forma pauperis* motion had alleged they own their home outright, the district court stated, "[Appellants'] contention that the [Appellees] deprived them of property they claim to own outright is clearly baseless, and thus, factually frivolous." 14-CV-389-GKF-FHM, Doc. 26 at 4-5 (internal quotations omitted). On January 21, 2015, the court therefore dismissed the Amended Complaint with prejudice under § 1915(e)(2)(B)(ii), which provides "the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted."

On May 1, 2015, Appellants filed a second suit against Appellees ("Second Suit"), this time alleging Appellees violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1631 et seq., concerning the mortgage on their home. Specifically, Appellants alleged they properly rescinded the mortgage under TILA, but Appellees did not recognize the rescission, thereby causing Appellants mental, emotional, and actual damages.

On June 3, 2015, the district court dismissed the case sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii). It held res judicata barred the Second Suit because (i) there was a final judgment in the First Suit, (ii) the parties were identical in both suits, (iii) the claims arose out of the same transaction in both suits, and (iv) Appellants had a full and fair opportunity to litigate all of their claims in the First Suit. The court dismissed the complaint with prejudice and entered judgment on June, 3, 2015.

Appellants moved to reconsider. *See* Fed. R. Civ. P. 59(e). They argued the court erred in its application of res judicata because the two suits did not involve the same transaction—the First Suit dealt with RICO claims whereas the Second Suit involved

- 3 -

TILA claims. Appellants further argued that even if res judicata applied, there had been an intervening change in controlling law between dismissal of the First Suit and the filing of the Second Suit, thereby justifying reconsideration. The court denied the motion on September 3, 2015.

On September 23, 2015, Appellants filed a timely notice of appeal.

## II.   **DISCUSSION**

On appeal, Appellants argue the court erred in its application of res judicata and in denying Appellants' motion to reconsider. We disagree.

### A. *Dismissal Based on Res Judicata*[2]

We review de novo § 1915(a)(2)(B)(ii) dismissals. *Kay v. Bemis*, 500 F. 3d 1214, 1217 (10th Cir. 2007). Res judicata is a question of law that we review de novo. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).

Res judicata bars a claim when "(1) the prior suit . . . ended with a judgment on

---

[2] Although not raised on appeal, we briefly address whether the court had authority under 28 U.S.C. § 1915 to dismiss Appellants' complaint sua sponte based on res judicata, which is an affirmative defense. We have held a "complaint may be dismissed sua sponte under § 1915 based on an affirmative defense . . . only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotations omitted); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (stating a complaint may not be dismissed "by raising *sua sponte* an [affirmative defense] that was neither patently clear from the face of the complaint nor rooted in adequately developed facts"). Here, the court could clearly recognize the defense of res judicata from Appellants' complaint. The court was familiar with the First Suit and did not need to have additional facts to address res judicata. *See Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.").

- 4 -

the merits; (2) the parties [are] identical or in privity; (3) the suit [is] based on the same cause of action; and (4) the [Appellants have] had a full and fair opportunity to litigate the claim in the prior suit." *Id.*

The first two elements are satisfied. The court entered a final judgment against Appellants for failing to state a claim in the First Suit, and the parties in the two suits are identical.

As to the third element, we apply a "transactional approach" to determine whether the two suits are based on the same claim. *See id.* at 1169. Under the transactional approach, "a claim arising out of the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999); *see also Plotner*, 224 F.3d at 1169 ("[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." (quotations omitted)).

In the First Suit, Appellants brought a RICO claim alleging Appellees falsely claimed a security interest on Appellants' home and that Appellees sought payment based on a mortgage on Appellants' home. In the Second Suit, Appellants alleged Appellees violated TILA in connection with the same mortgage. Appellants argue the two suits are not the same because Appellants did not raise any TILA claims in the First Suit. But both suits involve the same mortgage, and Appellants could have brought the TILA claim when they alleged the RICO claim. Appellants do not argue they lacked facts needed to raise the TILA claim in the First Suit. Thus, because both suits involve a transaction regarding the same mortgage and no additional facts were needed to bring the TILA

- 5 -

claim, the third res judicata element is satisfied.

As to the fourth element, we "focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990). Appellants do not allege any facts suggesting the First Suit was deficient for these reasons. They argue only that they did not have a "full and fair opportunity" to litigate the TILA claim because of an intervening change of controlling law. We address this argument in the next section.

The court did not err in finding all four elements of res judicata satisfied.

### B. *Motion to Reconsider*

A court's decision regarding a Rule 59(e) motion to reconsider is reviewed for an abuse of discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1262 (10th Cir. 2012) (quotations omitted). A court also abuses its discretion when it "issues an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs*, 613 F.3d 1229, 1239-40 (10th Cir. 2010) (citations omitted).

A Rule 59(e) motion authorizes the court to reconsider a judgment and may be granted when there is "an intervening change in the controlling law," but a motion to reconsider should not be used "to revisit issues already addressed or advance arguments

that could have been raised earlier." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Jaramillo v. Gov't Emp. Ins. Co.*, 573 F. App'x 733, 749 (10th Cir. 2014) (unpublished) (stating that an intervening change in controlling law requires "extraordinary circumstances"). Appellants argue the Supreme Court's ruling in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), constitutes an intervening change in controlling law that merits reconsideration of the court's order. We disagree. Although *Jesinoski* was decided between the dismissal of the First Suit and the filing of the Second Suit, it did not amount to a change in controlling law.

Appellants argue *Jesinoski* changed the law to allow homeowners to rescind residential mortgages under TILA. They contend they could rescind their mortgage under *Jesinoski* but could not have done so when they filed the First Suit. But *Jesinoski* does not address whether a residential mortgage can be rescinded under TILA, nor does it change any other law. Rather, it resolves uncertainty as to how a loan under TILA may be rescinded by stating "a borrower need only provide written notice to a lender in order to exercise his right to rescind." *Jesinoski*, 135 S. Ct. at 793. *Jesinoski* has no bearing on whether Appellants could have brought the TILA claims during the First Suit. It therefore does not constitute an intervening change of controlling law and, accordingly, the court did not err in denying Appellants' motion to reconsider.

### III.    CONCLUSION

All four elements of res judicata were satisfied, and the court did not abuse its discretion in denying Appellants' motion to reconsider. We therefore affirm the court's

decisions to dismiss the complaint with prejudice and deny Appellants' motion to reconsider.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge